[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Judgment affirmed. See Opinion and Judgment Entry. [CHRISTLEY] (O'NEILL) (MAHONEY-11th)
(Mahoney, J., Retired, Eleventh Appellate District, sitting by assignment.)
CRIMINAL LAW/CONSTITUTIONAL:
Ohio's death penalty provisions are constitutional in all respects.
A trial court does not err in failing to suppress statements made by an accused to a police officer where there is no evidence that the officer initiated a conversation with the accused or otherwise committed any act that he knew, or should have known, was likely to elicit an incriminating response from the accused.
In a capital case, when the trial court imposes the sentence of death, it shall state in a separate opinion its specific findings as to the existence of any of the mitigating factors set forth in R.C. 2929.04(B), the existence of any other mitigating factors, the aggravating circumstances, and the reasons why aggravating circumstances outweigh the mitigating factors. Pursuant to R.C. 2929.04(B), the trial court is required to consider nonspecified factors that are relevant to the issue of whether the defendant should be given the death penalty.
CRIMINAL LAW/EVIDENCE:
Evidentiary rulings are within the broad discretion of the trial court and will not be disturbed on appeal absent of an abuse of discretion.
Victim impact evidence is defined as including evidence which describes the personal characteristics of the victim, the emotional trauma suffered by the victim's family, or the family members' opinions and characterizations of the defendant and the crime. True victim impact evidence is to be considered by the trial court before imposing sentence upon the defendant, not during the guilt phase of the proceedings. However, where evidence relates to both the facts attendant to the offense and the impact of the murder on the victim's family, such evidence may be admissible during both the guilt phase and sentencing phase of the proceedings.
Evidence of an accused's prior bad acts, independent of and unrelated to the offense for which that person is on trial, are inadmissible to show an accused's criminal propensities. However, Evid.R. 404(B), permits the use of other-acts evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Other-acts may be introduced to establish the identity of a perpetrator by showing that he has committed similar crimes and that a distinct, identifiable scheme, plan, or system was used in the commission of the charged offense.
A party who seeks to impeach his own witness with a prior inconsistent statement must demonstrate surprise from the witness' testimony and that the testimony affirmatively damaged that party's case. "Surprise" can be shown if the witness' testimony is materially inconsistent with the prior written or oral statement of the witness, and counsel did not have reason to believe that the witness would recant when called to testify. The existence of surprise is a factual issue within the sound discretion of the trial court. A party demonstrates "affirmative damage" when the party's own witness testifies to facts that contradict, deny, or otherwise harm that party's trial position.
Properly authenticated photographs, even if gruesome, are admissible in a capital prosecution if relevant and of probative value in assisting the trier of fact to determine the issues or are illustrative of testimony and other evidence, as long as the danger of material prejudice to a defendant is outweighed by their probative value and the photographs are not repetitive or cumulative in number. The admission of photographs and other similar evidence rests within the sound discretion of the trial court.
CRIMINAL LAW/PROCEDURE:
In the penalty phase of a capital prosecution, where two or more aggravating circumstances arise from the same act or indivisible course of conduct and are thus duplicative, the duplicative aggravating circumstances will be merged for purposes of sentencing.
Pursuant to Crim.R. 7(B), an indictment must charge an offense in words sufficient enough to give the accused notice of all the elements with which he is charged. Thus, an indictment in a capital murder case is sufficient, even if it does not allege that the accused was the principal offender or committed the murder with prior calculation and design, when it includes death penalty specifications and where the accused knows that he is the only person charged with the murder.
CRIMINAL LAW/PROSECUTORIAL MISCONDUCT:
The test regarding prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. Both the prosecution and the defense have wide latitude in summation as to what the evidence has shown and what reasonable inferences may be drawn therefrom.